UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WILLIAM CHOUINARD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 3:17-cv-00003 |
| | ) | REEVES/GUYTON |
| JOE GUY, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] filed pro se by William Chouinard ("Petitioner"). Respondent has filed a motion to dismiss the petition for failure to exhaust state remedies and for mootness [Doc. 10]. For the following reasons, Respondent's motion to dismiss the petition [Doc. 10] will be **GRANTED** and this case will be **DISMISSED with prejudice**.

I.  **PROCEDURAL HISTORY**

On October 21, 2006, Petitioner pled guilty to possession of methamphetamine for resale, simple possession of methamphetamine, and possession of drug paraphernalia, and he was sentenced to an effective term of eleven years in the Tennessee Department of Correction ("TDOC") [Doc 9-1 p. 25]. On January 29, 2007, Petitioner was ordered released from custody and placed in a community corrections program [Doc. 9-1 p. 24].

On June 20, 2016, a warrant was issued for Petitioner's arrest for violations of the terms and conditions of his alternate sentence [Doc. 9-1 p. 33]. Petitioner pled guilty to the violations, his alternate sentence was revoked, and he was ordered to complete the balance of the original imposed term of imprisonment of 3 years in the TDOC [Doc. 9-1 p. 45].

On September 12, 2016, Petitioner filed a petition for habeas corpus in the McMinn Circuit Court alleging that he was being incarcerated "far beyond [his] projected release date" [Doc. 9-1 p. 49]. On October 16, 2016, the trial court denied the petition. The court noted that Petitioner's "earliest possible release date pursuant to the facial judgments would be February 14, 2017" [Doc. 9–1 p. 56]. The court found that "[t]here is nothing facially illegal or void about the judgments in these cases, nor is the Petitioner being illegally detained beyond the expiration of these sentences" [*Id*. pp. 58–59]. Petitioner did not file an appeal with the Tennessee Court of Criminal Appeals ("TCCA") from the denial of his state habeas petition.

On April 15, 2017, Petitioner filed a petition for post-conviction relief in the McMinn County Circuit Court [Doc. 9-1 pp. 64–67]. He alleged that he was "persuaded to plead guilty" to the violations by his trial attorney and community corrections officer and that he was "denied a fair hearing at my revocation because of lies and deception by the public defenders and community corrections" [*Id*. at 66]. On March 27, 2018, prior to a ruling from the trial court, Petitioner, through counsel, filed a motion to dismiss his post-conviction petition [Doc. 9–1 p. 77]. Petitioner reported that the TDOC had revised their calculation of his sentence expiration to July 3, 2017, and that he had been released from custody on September 7, 2017, thus mooting his argument that the TDOC had miscalculated his sentence [*Id*.]. As a result, Petitioner's motion was granted and his post-conviction petition was dismissed [Doc. 9–1 pp. 81–82]. Petitioner did not appeal.

Following the denial of his state habeas petition, and prior to filing his petition for state post-conviction relief, Petitioner filed the pending § 2254 petition in this Court on December 21, 2016, raising three grounds for relief: (1) his public defender and community corrections officer erroneously told him that he only had two weeks left to serve, thus inducing his guilty plea to the violations of his alternate sentence; (2) "bad faith" on the part of the trial court, his public defender

and the community corrections officer; and (3) cruel and unusual punishment because he should have received concurrent sentences on all of his counts of conviction [Doc. 1]. On July 27, 2018, Respondent filed the pending motion to dismiss for failure to exhaust and mootness [Doc. 10].

## II.   ANALYSIS

### A.   Exhaustion

Before a federal court may review a federal claim raised in a habeas petition, it first must determine whether the petitioner has exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1). If a federal habeas claim has not been presented to a state court for adjudication, then it is unexhausted and may not properly serve as the basis of a federal habeas petition. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

The exhaustion "requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Wilson v. Mitchell*, 498 F.3d 491, 498–99 (6th Cir. 2007) (quoting *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001)). Under Tennessee Supreme Court Rule 39, a Tennessee prisoner exhausts a claim by raising it before the TCCA. *See Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003). A federal court will not review claims that were not entertained by the state court due to the petitioner's failure (1) to raise those claims in the state courts while state remedies were available, or (2) to comply with a state procedural rule that prevented the state courts from reaching the merits of the claims. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

Here, Petitioner has not exhausted his available state-court remedies as to any of his three habeas claims. Although he raised his first claim in his state post-conviction relief petition to the trial court, he moved to withdraw that petition before the trial court ruled on it, and he never presented it to the TCCA. In addition, he failed to raise either of his other two claims to the state

courts at any level and is now precluded from raising them in a state post-conviction proceeding, as the time for seeking such relief long since has passed. Tennessee Code Annotated § 40-30-102(a) and (b); *Seals v. State*, 23 S.W.3d 272, 276 (Tenn. 2000).

A petitioner who fails to raise a federal claim in the state courts and who is now barred by a state procedural rule from returning with the claim to those courts has committed a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A procedural default forecloses federal habeas review, unless the petitioner can show cause to excuse the failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation. *Id*. at 750. If a § 2254 petitioner failed to raise a claim on appeal and thereby violated a state procedural rule, "that claim is subject to procedural default and will not be reviewed by federal courts unless the petitioner demonstrates cause and prejudice for the default." *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

Here, all of the grounds raised by Petitioner in his habeas petition have been procedurally defaulted as they were not fairly presented to the state courts and he now is barred by state procedural rules from returning to state court to pursue them. Because Petitioner has not shown cause or prejudice excusing his default, federal habeas review of those procedurally barred claims is foreclosed.

Finally, Petitioner cannot establish "actual innocence" as an exception to the procedural default rule. The Supreme Court has held that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, "actual innocence" is an extremely narrow

exception, and "claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). This is not an extraordinary case.

Accordingly, because Petitioner failed to exhaust his claims by fully and fairly presenting them to the state court, and he now is precluded from doing so, those claims have been procedurally defaulted. Moreover, since Petitioner has established neither cause or prejudice to excuse his procedural default of those claims, nor has he established his actual innocence, all of Plaintiff's claims will be **DISMISSED**.

### B. Mootness

The pleadings of pro se petitioners are held to less stringent standards than those prepared by attorneys, and are to be liberally construed. *See, e.g., Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2008). "The appropriate liberal construction requires active interpretation in some cases to construe a pro se petition 'to encompass any allegation stating federal relief.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (citation omitted).

Although inartfully pleaded, the crux of Petitioner's § 2254 petition appears to be his allegation that his alternate community corrections sentence was improperly revoked and he was being confined beyond the expiration of his original sentence as a result of that revocation and reincarceration. This appears to be the same claim he raised in his state habeas petition, which the trial court denied. Petitioner did not appeal the denial of his state habeas petition, and the time for doing so long since has passed. See Tenn. R. App. P. 4(a) (an appeal as of right shall be filed within 30 days after the date of entry of the judgment appealed from). Thus, any such claim has been procedurally defaulted. Moreover, to the extent Petitioner is attempting to raise a habeas challenge on that ground, such a claim is now moot in light of the fact that his sentence has since expired and he has been released from incarceration.

Federal courts may review only actual cases or controversies, U.S. Const. art. III, § 2, cl. 1, and thus "have no power to adjudicate disputes which are moot . . . ." *Witzke v. Brewer*, 849 F.3d 338, 340 (6th Cir. 2017) (citations omitted). "'[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Id*. (citations omitted). Here, any claim Petitioner is attempting to raise challenging the revocation of his alternate sentence and resulting reincarceration beyond the expiration of his original sentence became moot once he was released from prison on September 7, 2017 [Doc. 9-2].

"Once the convict's sentence has expired ... some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Petitioner has not alleged nor demonstrated any collateral consequence stemming from the revocation of his alternate sentence and reincarceration. Although a court may presume collateral consequences when a released petitioner contests his underlying criminal conviction, *Spencer*, 523 U.S. at 12–14, Petitioner is not challenging his underlying convictions. Instead, he is contesting the revocation of his alternate sentence and the length of time he was serving following revocation. Under these circumstances, the Court cannot presume collateral consequences. *See, e.g., Spencer*, 523 U.S. at 12–14 (petitioner who disputes a parole revocation, but has already completed his term of reincarceration, must demonstrate collateral consequences stemming from the revocation or else face dismissal of his claims).

Because Petitioner has not demonstrated any collateral consequences from the revocation of his alternate sentence, and already has completed the term of his reincarceration, any claim he is attempting to raise challenging the revocation of that alternate sentence now is moot in light of his release, and will be **DISMISSED**.

**III.     CONCLUSION**

Accordingly, for the reasons set forth above, it is **ORDERED** that Respondent's motion to dismiss Petitioner's § 2254 petition for failure to exhaust state remedies and for mootness [Doc. 10] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE.**

**V.     CERTIFICATE OF APPEALABILITY**

Finally, the Court must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal.  Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  A petitioner whose claims have been rejected on a procedural basis must demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*; *see also Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).

Because reasonable jurists could not disagree with the resolution of this petition, a COA **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

        **AN APPROPRIATE ORDER WILL ENTER.**

                                                                      */s/ Pamela L. Reeves*
                                                                      **UNITED STATES DISTRICT JUDGE**